The essential facts, as presented to the trial court by admissions in the pleadings and by uncontroverted affidavits and documents admitted in support of a motion for summary judgment, are as follows: The defendant, who was employed by the plaintiff city of Norwalk as a guidance counselor, was injured in the course of her employment as a result of the negligence of a third party. A voluntary written agreement providing for workmen's compensation was entered into and was approved by the commissioner. Under this agreement, the plaintiff employer paid to or in behalf of the defendant the sum of $11,920.80 in medical bills and salary. The defendant instituted suit against the third party and she obtained a verdict of $75,000. Her case was settled for $70,000 in order to avoid an appeal. Before the verdict was rendered, the plaintiff moved to intervene in the third-party action, but the motion was denied because it had not been filed within the time allowed by 31-293 of the General Statutes.[1] *Page 663 
After the verdict, the plaintiff brought this action to obtain reimbursement for the sum paid in accordance with the workmen's compensation agreement. The trial court, relying mainly upon Sears, Roebuck Co. v. Bree, 4 Conn. Sup. 1, concluded that intervention pursuant to 31-293 was not the only method by which the employer might obtain reimbursement and rendered judgment for the plaintiff.
In Sears, Roebuck Co. v. Bree, supra, the court found the express promise of the employee's attorney *Page 664 
to reimburse the employer for workmen's compensation payments to have induced the employer not to intervene in the third-party suit. The court also concluded that the employer had a substantive right of reimbursement and that whether he had followed the exact method of enforcing that right as prescribed by statute made no difference. The court reasoned that the effect of the Workmen's Compensation Act was to make it "a part of every employer's agreement with his employees that he shall not be doubly compensated for any injuries which he may sustain out of and in the course of his employment." Id., 5.
"It is true that statutes existing at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention." Ciarleglio v. Benedict Co., 127 Conn. 291, 293. This principle, that the parties are presumed to contract in reference to all existing law, would afford no basis for ignoring that portion of31-293 which prescribes the procedure for implementation of the substantive right of reimbursement created. 17 Am.Jur.2d, Contracts, 257. Where a cause of action has been created by statute, strict compliance with the prescribed procedure has been deemed essential. Main v. North Stonington, 127 Conn. 711, 712. "The general rule is that where a statute' gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created, and not of the remedy alone." DeMartino v. Siemon, 90 Conn. 527, 528. It is clear that the cause of action asserted by the plaintiff was unknown to the common law. Public policy, in the absence of statutory provisions to the contrary, *Page 665 
prohibits the assignment of a right of action for personal injuries resulting from negligence. Berlinski v. Ovellette, 164 Conn. 482, 485. In the absence of third-party or subrogation statutes, it is held that there is no right of equitable subrogation available to an employer for reimbursement of workmen's compensation payments. In states which have no such statutes, a double recovery by the injured employee is permitted. 2A Larson, Workmen's Compensation Law 71.30.
In Fireman's Fund Ins. Co. v. Lubash,95 R.I. 311, a suit by an employer for reimbursement against an employee who had settled his claim against the third party was brought upon the theory that it was an implied condition of the employment contract that damages received from a tortfeasor would be applied for the benefit of the employer to the extent of the compensation payments. The court rejected that contractual basis for the claim, concluding that the statutory provision (p. 312) which entitled the employer "to indemnity from the person so liable to pay damages" precluded any recovery against the employee.
The employer's right to reimbursement as created by 31-293 is limited to bringing "an action against such other person [the third-party tortfeasor] to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee." (Emphasis added.) The statute contains no authorization for a suit against an employee. "Thus, while [31-293] preserves to the employee and his personal representative the rights elsewhere provided by law, it creates a right in favor of the employer to recover from the same source what he has been obligated to pay by way of compensation, either by proceeding directly against the third party tort feasor or by intervening in an *Page 666 
action already brought." Uva v. Alonzy, 116 Conn. 91,97. Reimbursement under the statute "is a right vested in the employer exclusively, provided he asserts it in time." Olszewski v. State Employees' Retirement Commission, 144 Conn. 322, 325.
Section 31-293 provides that when an action is brought by either the employer or the employee against the third party, if the other fails to intervene within the time prescribed by the statute, "his right of action against such third person shall abate." Once the time for intervention had elapsed, the plaintiff's right of action for reimbursement also expired. It was not resurrected on the successful outcome of the defendant's suit against the third party.
The plaintiff claims that the abatement of its cause of action against the third party under the terms of the statute would not extinguish its rights against the employee. It had no such rights, however, either by statute or common law. Its only right of reimbursement was that which the statute created against the third party.
The plaintiff also relies on Rosenbaum v. Hartford News Co., 92 Conn. 398, in which payments received in settlement of the employee's claim against the third party were held (p. 401) to discharge the employer, "pro tanto, `from his inchoate liability to pay compensation." The plaintiff argues that the policy expressed in Rosenbaum against allowing a double recovery by the employee will be defeated unless the plaintiff is allowed to prevail. In that case, however, the court was primarily concerned with protecting the employer's right of recovery against a third party when the employee chose to settle his claim without litigation, thus foreclosing the employer from exercising his statutory *Page 667 
right to intervene.[2] Here, the employer had ample opportunity to protect its rights by intervening in the employee's action against the third party. Although one purpose of 31-293 is to avoid double recovery, it does not protect those who are less than vigilant in safeguarding their own legal rights. The imperfection is not in the statute which provides a simple means of effectuating the rights created, but in those who fail to avail themselves of its benefits for no justifiable reason.
 There is error, the judgment for the plaintiff is vacated and the case is remanded to the Court of Common Pleas with direction to render judgment for the defendant.
In this opinion PARSKEY and SPONZO, Js., concurred.